UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DALAS BLAKLEY,<br><br>Defendant(s). | Case No. 2:18-CR-45 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Dalas Blakley's ("Blakley") motion to reconsider imposition of assessment under the Justice for Victims of Trafficking Act ("JVTA"). (ECF No. 81). The United States of America ("the government") filed a response (ECF No. 84), to which Blakley replied (ECF No. 92).

Also before the court is the government's motion to amend Blakley's judgment to include additional restitution (ECF No. 85), to which Blakley filed a notice of non-opposition (ECF No. 93).

Also before the court is the government's unopposed motion for leave to file a sealed exhibit (ECF No. 87). (ECF No. 86).

**I.   Background**

On May 6, 2022, Blakley appeared before the court for sentencing. At that hearing, the court imposed a sentence of 120 months followed by a lifetime term of supervised release. The court did not impose a fine but did impose a $28,000 restitution obligation, a $100 special assessment, and a $5,000 assessment under the JVTA.

When the court imposed the JVTA assessment, Blakley's counsel noted that the pre-sentencing report did not include that recommendation because the JVTA was set to expire by

**James C. Mahan**
**U.S. District Judge**

the time of sentencing. After a brief discussion, probation and the government confirmed that the JVTA had been extended and was still in effect. The court then confirmed that it was imposing the $5,000 assessment under the JVTA.

Blakley now moves to amend his judgment to remove that assessment on the basis that he is indigent and therefore exempt from the assessment under the JVTA. (ECF No. 81). The government also moves to increase the $28,000 restitution to $35,000 because it errantly omitted a victim from its original restitution list. (*See* ECF No. 85).

## II.     Legal Standard

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for post-judgment motions for reconsideration, such motions may be filed in a criminal case and are governed by Federal Rule of Civil Procedure 59(e) or 60(b). *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Id.* Under Rule 60(b), the court may relieve a party from a final judgment for, *inter alia*, mistake, inadvertence, surprise, or excusable neglect. *Id.*

The JVTA provides that the court "shall assess an amount of $5,000 on any non-indigent person or entity convicted of" certain specified offenses, including receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). 18 U.S.C. § 3014(a).

## III.    Discussion

As an initial matter, Blakley does not oppose the government's motions. (*See* ECF No. 93). Therefore, the court GRANTS both motions (ECF Nos. 84; 85). Blakley's judgment is hereby amended to include an additional $7,000 in restitution to the victim of the PD11 series for a total restitution amount of $35,000. Additionally, the government has leave to file ECF No. 87 under seal.

As to Blakley's motion, Blakley argues that the court should reconsider its imposition of the JVTA assessment because the parties did not discuss, and the court did not make a finding as to whether Blakley was a "non-indigent" person. (ECF No. 81 at 3). Blakley avers that his

James C. Mahan
U.S. District Judge

appointment of counsel and probation's recommendation that the court not impose a fine are evidence that Blakley is indigent for purposes of the JVTA. Additionally, Blakley argues that the court must find him indigent for purposes of the JVTA because he was unemployed and incarcerated at the time of sentencing. The court disagrees.

While probation recommended that the court not impose a fine due to Blakley's current lack of income and assets, it specifically noted that Blakley "is an able-bodied person who is capable of working and supporting himself; therefore, any restitution should be imposed." PSR ¶ 152. Accordingly, at sentencing, the court did not impose a fine upon Blakley but did impose restitution. This imposition of restitution and the JVTA assessment reflected the court's implicit finding that Blakley is non-indigent in the context of his victim repayment obligations.

Importantly, JVTA assessment is not an additional fee due contemporaneously with Blakley's other financial responsibilities stemming from his conviction. *See* 18 U.S.C. § 3014(b) ("An assessment under [the JVTA] shall not be payable until the person subject to the assessment has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based."). Thus, Blakley is required to pay the JVTA assessment only after and if he satisfies his restitution obligations. Should Blakley satisfy his restitution obligations, he will have confirmed this court's finding that he is non-indigent.

Therefore, the court DENIES Blakley's request to reconsider imposition of the JVTA assessment.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Blakley's motion to reconsider (ECF No. 81) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to amend (ECF No. 85) be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that the government's motion for leave to file under seal
2  (ECF No. 86) be, and the same hereby is, GRANTED.
3  DATED June 15, 2022.

_____
UNITED STATES DISTRICT JUDGE